**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4582

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY R. JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00074-TSK-MJA-1)

Submitted:  September 19, 2024                    Decided:  September 23, 2024

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Elizabeth B. Gross, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Wheeling, West Virginia, Sarah E. Wagner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky R. Johnson appeals the 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Johnson argues that his sentence is substantively unreasonable because it creates an unwarranted sentencing disparity. Finding no error, we affirm.

"We review all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (internal quotation marks omitted). To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing the substantive reasonableness of a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court calculated a Guidelines range of 51 to 63 months but opted to vary upward, relying heavily on Johnson's presentencing conduct. Prior to the sentencing hearing, Johnson successfully moved for release from custody so that he could complete inpatient treatment for substance abuse. But he left the program without authorization and absconded from supervision before eventually being arrested. This egregious breach of trust, coupled with Johnson's lengthy and serious criminal history, drove the court's decision to impose a substantial upward variance.

2

On appeal, Johnson contends that his 120-month sentence is out of step with the average sentences imposed for firearm offenses. This argument, however, ignores the factors that led to the district court's sentencing decision, focusing instead on broad statistical averages. By contrast, the district court conducted an individualized assessment of Johnson's circumstances and thoroughly explained why an above-average sentence was warranted. *See United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (stating that sentencing court must "provide an individualized assessment based on the facts before the court" (internal quotation marks omitted)). For these reasons, we reject Johnson's challenge to the substantive reasonableness of his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*